# In the United States Court of Federal Claims

No. 24-766

(Filed: October 29, 2024)

(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *
                                   *
CATHERINE LANCASTER et al.,        *
                                   *
                    Plaintiffs,    *
                                   *
         v.                        *
                                   *
THE UNITED STATES,                 *
                                   *
                    Defendant.     *
                                   *
* * * * * * * * * * * * * * * * * *
```

*Catherine June Lancaster*, *pro se*, of Oklahoma City, OK.

*Mariana Teresa Acevedo*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff Catherine Lancaster[1] alleges that she was falsely evicted from her Oklahoma home by a commercial bank and that the United States should be liable for this eviction. This Court's jurisdiction extends only to claims against the United States. However, Plaintiff cites to neither an express or implied-in-fact contract with the United States nor a money-mandating provision of law in support of her claims. Consequently, for the reasons discussed below, the Court grants the government's motion to dismiss the case under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

---

[1] The caption of the complaint also indicates that Paul Lancaster is a plaintiff in this action. However, it appears that other than being named in the caption, none of the allegations in the complaint relate to Paul Lancaster. Regardless of whether this complaint involves or does not involve Paul Lancaster, the result is the same.

**BACKGROUND**

Plaintiff first filed this action against the United States on May 14, 2024. *See generally* ECF No. 1. Plaintiff later filed an amended complaint on June 5, 2024, in which she levied a number of general allegations against parties other than the United States.[2] ECF No. 7 at 1. Plaintiff directs these claims—ranging from identity theft to violations of Oklahoma law governing the priority of liens—against private entities. *Id*. at 9–11. The precise nature of Plaintiff's claims are difficult to ascertain because of the haphazard nature of her pleadings and attached exhibits. With little explanation, Plaintiff alleges, *inter alia*, that Bank7, AEM, and Waltrip & Schmidt violated the "FDCPA, Securities Act of 1933, and the Privacy Act ignoring the property recordings in the Ohio and Oklahoma UCC and the Oklahoma County list." ECF No. 7 at 5.[3]

The bases of Plaintiff's grievances appear to stem from the foreclosure of, and her subsequent eviction from, her home in Oklahoma. ECF No. 15 at 28. Plaintiff asserts several grounds to challenge the legality of these actions. First, Plaintiff appears to assert that she did not consent to the assignment of her home mortgage to entities like Bank7 and that she possesses the sole power to discharge or otherwise dispose of her debts. ECF No. 7 at 6 ("[I] am only able to [dis]charge. [T]here is no other way to settle the [de]bt when the United States (U.S.) is bankrupt.") (second and fourth alterations in original). Second, Plaintiff claims that no contract exists between her and any of the entities that were subsequently assigned the mortgage. *Id*. at 8 ("[A]lleged mortgages were [re]assigned to: GMAC, then to OCWEN, then PHH Mortgage Corporation. [N]o contract.") (second alternation in original). Third, in the alternative, Plaintiff claims that in 2020 and 2023, she exercised her right to rescind any loan contract that may have been created between her and these other entities. *Id*. at 7 ("[T]he unilateral [c]ontract was rescinded by the authorized representative in 2020 and again in 2023."). Finally, Plaintiff appears to dispute the very existence of any loan obligations regarding her home. *Id*. ("[I] presume that no proof of alleged [debt], nor therefore any such [debt], in fact therefore exist [sic]."). *Id*. at 7. In sum, Plaintiff's claims arise out of property and contractual disputes with Bank7, AEM, and Waltrip & Schmidt.

Although Plaintiff does not assert any of her claims against the federal government, she nonetheless claims that this Court "has jurisdiction over [w]rongdoers of the [United States]." *Id*. at 3. Plaintiff appears to believe that this Court is compelled to act on her behalf because "judicial review is required" to address her claims against Bank7, AEM, and Waltrip & Schmidt. *Id*. Plaintiff cites various sources to claim that the Court has jurisdiction over this case, including a misguided interpretation of *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1942), asserting that "when private commercial paper is used by the corporate government, the government loses its sovereignty status and becomes no different than a mere private corporation." *Id.* at 4. Plaintiff asks the Court to discharge her debts, reverse the foreclosure

---

[2] Plaintiff alleges wrongdoing by Bank7, an Oklahoma-based bank, Kelly Harris, Chief Financial Officer of Bank7, American Equity Mortgage, a now-defunct real estate company, and Michael Becker, an attorney formerly associated with the law firm Waltrip & Schmidt. ECF No. 7 at 1.

[3] Plaintiff also alleges criminal violations of the Sherman Antitrust Act, the Copyright Act of 1976, and 18 U.S.C. § 242, among others. ECF. No. 7 at 9–10.

sale, "order[] a full forensic audit," and "apply the common-law lien of $1,000,000.00." *Id*. at 12.

The government filed a motion to dismiss Plaintiff's complaint under RCFC 12(b)(1) for lack of subject matter jurisdiction. ECF No. 14. In its motion, the government noted that "the complaint is not based upon any express or implied-in-fact contract with the United States, or a money-mandating provision of law, as required by the Tucker Act." *Id.* at 2. On August 16, 2024, Plaintiff filed a response to the government's motion, attaching an execution and writ of assistance for forcible entry and detainer, which references an Oklahoma state court judgment. ECF No. 15 at 28. However, Plaintiff again failed to implicate the United States in her claim or substantively address the government's arguments. Rather, Plaintiff fruitlessly asserts that "all zip codes in this United States Corporation is [sic] part of [this court's] jurisdiction." *Id.* at 2. Plaintiff appears to believe that "the United States is personally liable for the property rights stolen . . ." because "[c]orporations are part of the United States Corporation." *Id*. at 2, 3. As the government noted in its reply brief, Plaintiff's claim rests upon "real property disputes in Oklahoma, which are governed by state law." ECF No. 17 at 1.

## DISCUSSION

### A.     Legal Standard

Under RCFC 12(b)(1), the Court must dismiss any claim that does not fall within its subject matter jurisdiction. In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the non-moving party and draw all logical inferences in the light most favorable to that party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007). Although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.* Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400

3

(1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

**B.      Analysis**

Plaintiff's claim, as best the Court can discern, is premised on her belief that the assignment of her mortgage by private entities violated Plaintiff's substantive rights. These claims fall far afield of this Court's jurisdiction.

First, as this Court has no jurisdiction over claims against any entity or person but the United States, Plaintiff's claims against all parties except the federal government must be dismissed. Despite Plaintiff's assertions to the contrary, the Court's jurisdiction is limited. *See* ECF No. 15 at 2 (claiming that the Court has jurisdiction of "all zip codes in the United States Corporation"). The Court cannot exercise jurisdiction over private persons merely because their activities occurred in the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Rather, Plaintiff's claims must be directed "against the United States" to be within the Court's jurisdiction. 28 U.S.C. § 1491(a)(1); *see Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties . . . rather than federal agencies, this court has no jurisdiction to hear those allegations.").

Second, Plaintiff's claims arise from her obligations to private entities. In Plaintiff's own words, "the grounds to file this case in the United States Court of Federal Claims is [f]alse [f]orced [eviction], and [t]respass and [t]heft . . . ." of her real property. ECF No. 7 at 3. However, Plaintiff does not allege that the United States was responsible for these acts. *Id.* Rather, Plaintiff's claim rests on her unfounded assertion that the United States is somehow "personally liable" for the violation of her property rights by private actors. ECF No. 15 at 2. Plaintiff's assertion is wholly unsupported by any reference to an express or implied contract with the United States or any money-mandating source of law as required by the Tucker Act. *Mitchell*, 463 U.S. at 216–17. Instead, Plaintiff's claims center on the validity of her loan obligations. As the government correctly asserts, if meritorious, such "claims should instead be pursued in state court in Oklahoma." ECF No. 17 at 1.

Third, although Plaintiff lists various statutes in support of her claim, these statutes cannot serve as the basis of the Court's jurisdiction. *See* ECF No. 7 at 8–11. For instance, even though Plaintiff lists several provisions of the federal criminal code to support her claims, this Court does not exercise jurisdiction over criminal cases. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."). Similarly, Plaintiff lists statutes, like the Sherman Act, which are committed to other courts in support of her claim. *Phillips v. United States*, No. 17-968 C, 2017 WL 5248201, at *5 (Fed. Cl. Nov. 13, 2017) ("Jurisdiction to entertain claims brought pursuant to the Sherman Act is also explicitly committed to the United States district courts."). Moreover, Plaintiff does not substantiate these alleged statutory violations with specific factual allegations. Instead, Plaintiff copies legal definitions and statutory text into her complaint and fails to explain how they relate to her claims. *See generally* ECF No. 7 at 5–12.

Finally, the Court notes that Plaintiff's claims, in style and substance, are characteristic of those asserted by members of the sovereign citizen movement. For instance, Plaintiff claims that she "voluntarily choose[s] to comply with the [m]an-made laws which serve to bring harmony to society, yet no such laws, nor their enforcers, have any authority over [her]." ECF No. 15 at 7. Plaintiff cannot rely on tenuous legal fiction to conjure claims against the United States. Plaintiff's service of a purported "NOTICE OF [DIS]HONOR AND CONSENT TO [DE]FAULT JUDGMENT" and a "[De]fault Judgement pre-Invoice" on private defendants do not suddenly imbue these documents with any legal significance or this Court with jurisdiction. ECF. No 7 at 9 (alterations in original). As another judge of this Court has observed, sovereign citizen claims are a "legal fiction . . . not based in law but in the fantasies of the sovereign citizen movement." *Wood v. United States*, 161 Fed. Cl. 30, 35 (2022); *see also Double Lion Uchet Express Tr. v. United States*, 153 Fed. Cl. 392, 401 (2021) (stating that "amid the voluminous pages of legalese and homemade documentary falsities submitted to the court, plaintiffs have not alleged a nonfrivolous claim"). Here too, Plaintiff has stated claims based on legal theories that are unmoored from the laws of the United States. Consequently, the Court must grant the government's motion and dismiss Plaintiff's case for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge